Edward Clark, Appellant, v. Variety, Inc., Respondent.

First Department, November 21, 1919.

Libel — trial — statements of judge in presence of jury suggesting reconciliation and that plaintiff was not seeking damage but vindication as prejudicial error — evidence — cross-examination to show that plaintiff had little regard for feelings of his friends — damages — article libelous per se — right to recover punitive where actual damage not shown — pleading — necessity that privilege be pleaded — malice — evidence — admissibility in evidence of general and continued attacks on organization of which plaintiff was officer.

In an action by an actor against a newspaper to recover damages for libel, it is prejudicial error, demanding a reversal of a judgment in favor of the defendant, for the trial judge to suggest, in the presence of the jury,

that the defendant's president shake hands with the plaintiff, tell him he was sorry for the publication and make a retraction thereof, and to comment upon the liberality and good fellowship of the theatrical profession and to state that the plaintiff was not seeking mere damages but vindication for his feelings, and to permit the defendant's attorney during the discussion to state that the plaintiff never would have brought the suit except to recover his attorney's fees, for the jury could only have gathered from the comments and discussion the impression that the plaintiff's grievance was trivial and that he had sustained no damages whatever, if he had any cause of action at all.

It was error for the trial court to permit the plaintiff to be cross-examined at great length on the use of the names of his friends and associates as characters in what was denominated a " crook " play, for the sole purpose of showing that the plaintiff had but little regard for the feelings of his friends.

Punitive damages may be recovered in an action to recover for the publication of an article which is libelous *per se*, although actual damages have not been shown.

The question of privilege should not be submitted to the jury in an action against a newspaper to recover damages for the publication of a libelous article, where it was not pleaded nor raised upon the trial in any proper manner.

In an action by an actor to recover damages for the publication of a libelous article in the defendant's newspaper, evidence is not admissible, on the question of express malice, tending to show a general abuse of an organization of actors known as the " White Rats " of which the plaintiff was an officer.

But if the plaintiff could show that the defendant knew of plaintiff's activities as an officer of the organization, and that the defendant's hostility to that organization extended to the plaintiff personally, evidence of articles published in defendant's paper which attacked the officers of the organization in a body, even if plaintiff's name was not specifically mentioned, would be admissible.

Or if the plaintiff could show that the defendant's president who was responsible for the publication of the libelous article, had announced a policy of destroying the reputation of the officials of that organization, and that he knew that plaintiff was one of such officials, evidence of general attacks on the organization and its officers would be admissible on the question of malice.

APPEAL by the plaintiff, Edward Clark, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 3d day of April, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 21st day of May,

1919, denying plaintiff's motion for a new trial made upon the minutes.

*Harold Riegelman,* for the appellant.

*M. L. Malevinsky* of counsel [*Dennis F. O'Brien* with him on the brief], *O'Brien, Malevinsky & Driscoll,* attorneys, for the respondent.

DOWLING, J.:

This action was brought to recover damages claimed to have been sustained by plaintiff. by reason of the publication of a libel concerning him in a paper published by defendant. The complaint herein was demurred to and the demurrer overruled, the court holding that according to its reasonable import the article in suit holds the plaintiff up to contempt and ridicule and is, therefore, libelous. On appeal to this court that judgment was affirmed (181 App. Div. 927). Upon the face of the complaint, therefore, this article, with the innuendo laid in the complaint, was libelous *per se.* Upon the trial no effort was made to dispute the innuendo, nor to claim that the article was susceptible of any other meaning than that assigned to it by the innuendo. The defendant did claim that the article was a pleasantry or a species of wit, but it did not controvert the meaning of the publication as averred by plaintiff.

It seems to me that the verdict for the defendant in this case must have been due to the belief of the jury, after listening to the colloquy between the learned trial court and counsel for the parties, that the libel was unimportant and trivial and should not furnish the basis for any substantial recovery. Not only did the learned trial court in the presence of the jury suggest that the defendant's president should shake hands with plaintiff, tell him he was. sorry for the publication and make a retraction in the next issue, but he indulged at some length in remarks about the liberality and good fellowship of the theatrical profession, and said plaintiff was not seeking money damages but vindication for his feelings. He further commented on the fact that the defendant had "kidded" in the same way as plaintiff had, and while the court's obvious

purpose was to endeavor to effect a reconciliation of the parties and create good feeling between them, the failure to accomplish such a purpose left the plaintiff in a most unfortunate position, when the jury had heard from the court that he was only looking for vindication and not for damages, and when the onus had been put upon him of refusing a suggestion of the court for what the latter suggested as a reasonable settlement of the case. Furthermore, the defendant's counsel took advantage of the situation to interject into the case, still in the presence of the jury, the statement that plaintiff never would have brought this suit except to recover his attorney's fees. Exception was duly taken to all that occurred before the jury and a motion made to withdraw a juror because of the discussion, which motion was renewed at the end of the case. In my opinion this motion should have been granted, and the denial of it constituted reversible error. The plaintiff's cause of action was vitally prejudiced after the jury had heard the discussion between the court and trial counsel, and could only have gathered the impression that his grievance was trivial and he had sustained no damage whatever, if he had any cause of action at all.

Furthermore, error was committed by the learned trial court in permitting plaintiff to be cross-examined at great length on his use of the names of his friends and associates as characters in his play " DeLuxe Annie." The sole purpose of this was to endeavor to show that he had but little regard for the feelings of his friends and acquaintances and, having used their names indiscriminately as those of characters in a play which is denominated a " crook " play, that, therefore, he was entitled to but scant consideration for his own feelings. This had no relevancy to the libel sued upon.

Error was also committed in charging the jury that there could be no recovery of punitive damages unless actual damages had first been established. Error was further committed in submitting to the jury the question of privilege, which had not been pleaded nor raised upon the trial in any proper way.

In view of the fact that a new trial of this action will be required, it might be well to call attention to the exclusion of evidence which was sought to be introduced by plaintiff in

order to prove express malice on the part of defendant against plaintiff by a general and continued course of attack upon an organization known as the " White Rats," whereof plaintiff was vice-president. If the plaintiff had been prepared to show that defendant's president, who was responsible for the acceptance of the libelous article, knew of plaintiff's activities as an officer of the " White Rats," and that his hostility to that organization extended to the plaintiff personally, evidence might be received of articles published in defendant's paper which attacked the officers of the " White Rats " in a body, even if plaintiff's name was not specifically mentioned. If plaintiff had been able to show that defendant's president had announced a policy of destroying the reputation of officials of that organization and that he knew that plaintiff was one of such officials, that evidence would be admissible as showing malice on his part in the publication of the article in question. But the excerpts from the defendant's paper which have been offered in evidence are too general in character and too indefinite in aim to justify their reception in evidence. The only person whose name is specifically mentioned therein is one Harry Mountford. A general abuse of the organization and of its spokesmen would not warrant the receipt of these articles as proof of malice on the part of defendant's president against the plaintiff.

The judgment and order appealed from are reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.