## (May 19, 1939.)

MILLARD E. THEODORE, Appellant, v. DAILY MIRROR, INC., Respondent.

Judgment and order affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Cohn, JJ.; Martin, P. J., dissents in an opinion and votes to reverse and grant a new trial.

MARTIN, P. J. (dissenting). The plaintiff sued to recover damages because of an alleged libelous editorial which the defendant published concerning him. The article was entitled " Lehman and His Balky Mule Team," and was based upon the defeat in the Legislature of the so-called Economy Bill. It stated that Governor Lehman, whose leadership had been flouted for the second time by the members of the Assembly elected by the Democratic party, had denounced their behavior as reactionary. The writer charged that the opponents of the bill (which authorized the board of estimate and apportionment to vote numerous payroll economies for the city of New York) preferred cheap political success to the interests of the public. As illustrative of this it quoted the plaintiff, then a member of the Assembly, as saying: " I would vote against this Bill even if the City of New York or the United States Government went bankrupt." Mayor LaGuardia was then quoted as saying that this lofty sentiment is typical of the opposition, revealing their intelligence and patriotism.

The evidence adduced at the trial established that the aforesaid statement was taken out of its context and did not truly state the gist of the plaintiff's remarks. The fact is that the above-quoted remarks had been preceded by the statement that a vote for the bill would be an abdication to the board of estimate and apportionment of the constitutional powers of the Legislature. The meaning of the combined statements obviously was that the basic principles of government must be preserved.

The defendant's pleas of fair comment and lack of malice were disproved by the fact that sources were available from which the defendant could have ascertained the truth.

In another action brought by this plaintiff against News Syndicate, Inc., for a similar libel growing out of the same incident, a trial was had before the court

without a jury. The court directed a verdict for the plaintiff in the sum of $25,000 because of a publication containing substantially the same statement as is herein involved. That judgment, holding the matter libelous *per se*, was affirmed in this court (*Theodore* v. *News Syndicate Co., Inc.*, 245 App. Div. 703) and the Court of Appeals (270 N. Y. 603). The opinion of the trial court sets forth the following: " A reading of the published matter complained of, giving the language its ordinary and customary understanding and meaning, convinces the court that the variation between what was actually said and what was printed by defendant was such as to change the entire import of plaintiff's language, making it appear that the plaintiff held, and, in fact, gave public expression to views unbecoming a public official and subversive of good government. The matter as published, therefore, offers no basis or justification for a plea of ' fair comment,' nor was there a ' privileged occasion.' On the contrary, it is of such character as to expose the plaintiff, a member of the Bar and a public official, to public hatred, contempt and disgrace, and to injury in his professional standing and in his standing as a public official, and is libelous *per se*."

The verdict of the jury in the case at bar in favor of the defendant was against the weight of the evidence, contrary to the evidence and contrary to law.

The fact that the plaintiff did not move for the direction of a verdict, but acquiesced in the submission of the issues to the jury, does not conclude him from raising the above-mentioned objections. A verdict which is inconsistent with the facts and contrary to law should be set aside in the interests of justice upon motion of the aggrieved party for a new trial.

In *Dall* v. *Time, Incorporated* (252 App. Div. 636; affd., 278 N. Y. 635), an action in libel, the jury brought in a verdict for the defendant. There, as here, the plaintiff had acquiesced in the court's submission of the issues to the jury, including the issue of whether the article in question was libelous *per se*. The trial court, nevertheless, set aside the verdict as against the overwhelming weight of the credible evidence, saying: " To allow this verdict to stand would be a travesty on justice." Upon appeal to this court the defendant urged that plaintiff's acquiescence in the submission to the jury had the effect of an agreement to be bound by the jury's interpretation of the article. The action of the trial court was, nevertheless, sustained by this court and by the Court of Appeals.

There was error, moreover, in permitting plaintiff to be cross-examined respecting the existence of unpaid judgments outstanding against him in no way connected with the matters involved. (*Clark* v. *Variety, Inc.*, 189 App. Div. 462; *People* v. *Montlake*, 184 id. 578, 583; *National Supply Co.* v. *Jebb*, 142 id. 256; *Bergstrom* v. *Ridgway Co.*, 138 id. 178.)

The judgment and order should be reversed and a new trial granted.